IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PIONEER CIVIL CONSTRUCTION, LLC, and
TRINITY UNIVERSAL INSURANCE COMPANY                    PLAINTIFFS

V.                               5:08CV00207 JMM

VOLVO CONSTRUCTION EQUIPMENT
NORTH AMERICA, INC.                                             DEFENDANT

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Pending is the Defendant's Motion for Summary Judgment. Plaintiffs have responded to the motion and the Defendant has replied. For the reasons set forth below, the Motion is DENIED.

On or about March 27, 2007, William Ray, an employee of Plaintiff Pioneer Civil Construction ("Pioneer"), was operating a 2006 Volvo Excavator at the baseball field in Star City, Lincoln County, Arkansas. The excavator had only 300 hours of use and was still under warranty by the Defendant. While the employee was using the excavator to clear a baseball field and to push debris into a controlled brush fire, the excavator caught fire. Defendant Volvo Construction Equipment North America Inc. ("Volvo") was the supplier of the excavator. The excavator was damaged extensively by the fire. Plaintiffs seek to recover approximately $115,761 in damages from Volvo under theories of strict liability and breach of implied warranty of merchantability. Complete diversity exists between the parties and the amount in controversy exceeds $75,000. The Court has jurisdiction over the action.

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987); Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.  *Anderson*, 477 U.S. at 248.

## Discussion of the Law

Defendant argues that the Plaintiffs do not have a viable claim because there is no

evidence that the excavator was supplied by Volvo in a defective condition which rendered it unreasonably dangerous. Defendant relies upon the Arkansas Supreme Court's holding in *Higgins v. General Motors Corp.,* 465 S.W.2d 898 (Ark. 1971). In *Higgins*, the Supreme Court stated:

> In the absence of direct proof that the product is defective because of a manufacturing flaw or inadequate design, plaintiff must negate the other possible causes of failure of the product for which the defendant would not be responsible in order to raise a reasonable inference that the dangerous condition existed while the product was still in the control of the defendant.

*Higgins v. General Motors Corp.*, 465 S.W.2d 898, 900 (Ark. 1971). It is undisputed that Plaintiffs in this case do not have direct proof that the excavator was defective. Defendant claims that Plaintiffs have failed to negate the other possible causes of the fire for which Volvo would not be responsible, such as woody debris which caught fire on the excavator. Therefore, Defendant argues Plaintiffs have failed to raise a reasonable inference that the excavator was in a dangerous condition at the time it left Volvo's control.

Plaintiffs contend that this case is analogous to *Farm Bureau v. Case Corporation*, 878 S.W.2d 741 (Ark. 1994). In *Farm Bureau*, a tractor which had only been operated for 100 hours caught fire during the course of normal operation. The plaintiff had no direct proof of a defect. The Supreme Court found that plaintiff's expert had given sufficient testimony to support the plaintiff's theory that the tractor was defective and the expert had eliminated other possible causes of the fire. Specifically, the expert testified that he saw no evidence of "collected debris or cotton stalks" that might have caught fire in the tractor's engine compartment. *Id.* at 745. The Arkansas Supreme Court found that based on all of the evidence the issue of strict liability against the manufacturer of the tractor should have been submitted to the jury.

In this case, the Plaintiff has come forward with evidence from their expert, Roger Tate, that the most likely cause of the fire was the failure of a hose. Tate opined that when the anomalous hose came loose from its fitting it produced a mist of hydraulic gas. According to Tate, the hydraulic gas caught fire from the heat in the engine compartment or as a result of a floating ember from the brush fire. (Tate Dep. at p. 28-36). Plaintiff also discounted the other potential causes of the fire, *i.e.*, a floating ember ignited the air filter or woody debris on the excavator. (Tate Dep. at p. 32-34, 42-43, 64),(Aff. of William Ray). As in *Farm Bureau,* the Court finds that the Plaintiffs have come forward with sufficient evidence to support Plaintiffs' theory of the case and to submit the case to a jury. Accordingly, Defendant's Motion for Summary Judgment (Docket # 10) is DENIED.

IT IS SO ORDERED this 16th day of June 2009.

_____
James M. Moody
United States District Judge